1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON STATE BAR
ASSOCIATION,

                    Plaintiff,                              CASE NO. C05-1772JLR

        v.                                                 ORDER

JOHN M. KEEFE,

                    Defendant.

        This action comes before the court on a notice of removal of the Washington State
Bar Association's attempt to suspend Defendant John Keefe's license to practice law.  It
appears that this action is pending before the Washington Supreme Court pursuant to its
"exclusive responsibility to administer the lawyer discipline and disability system . . . and
to dispose of individual cases of lawyer discipline and disability" under Washington's
Rules for Enforcement of Lawyer Conduct ("ELC").  ELC R. 2.1.  For the reasons stated
below, Defendant has not met his burden to establish removal jurisdiction, and the court
thus REMANDS this action to the Washington Supreme Court.

        There is a "strong presumption" against removal jurisdiction, and a defendant
bears the "burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d
564, 565 (9th Cir. 1992).  The court notes that there are serious questions regarding

ORDER – 1

whether it can assume jurisdiction over a Washington State lawyer disciplinary proceeding.  See Mackay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969) ("[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.").  The court is not aware of any authority regarding whether a respondent in a state court attorney disciplinary proceeding can remove the proceeding to federal court.  The court finds it unlikely, however, that it lacks the power to review the state court's decisions in the proceeding (under Mackay) but possesses the power to assume complete control over the proceeding.  Nonetheless, the court need not resolve this issue.  Even assuming that this court's removal jurisdiction could encompass the proceeding against Defendant, Defendant has not met his burden to establish that the court can exercise jurisdiction in this case.

Defendant fails to establish an appropriate basis for jurisdiction.  Under 28 U.S.C. § 1441(a), this court may assume removal jurisdiction only over actions over which it has original jurisdiction.  The court notes that it undisputedly has no federal question jurisdiction in this action, as the effort to suspend Defendant raises no questions of federal law.[1]  The only other potential jurisdictional basis is the court's diversity jurisdiction under 28 U.S.C. § 1332(a).  The court accepts that Defendant is a citizen of California and that the "Plaintiff" in this action is a citizen of Washington.  Nonetheless, Defendant's bare allegation that the amount in controversy in this action is at least

---

[1]The court recognizes that Defendant alleges that the removal proceeding violates his constitutional rights and gives rise to a claim under 42 U.S.C. § 1983, but a defendant's potential claims against the plaintiff have no bearing on removal jurisdiction.  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

ORDER – 2

$75,000 based on "attorneys' fees and costs" is insufficient.  Where the amount in controversy is not facially evident from the complaint in the state court action, a defendant must establish the amount in controversy by a preponderance of the evidence. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  Here, Defendant has not offered any complaint that facially establishes more than $75,000 in controversy, nor has he proven the amount in controversy by a preponderance of the evidence.  Defendant has not established that attorneys' fees are even available to the respondent in a Washington attorney disciplinary proceeding,[2] much less that his attorneys' fees will exceed $75,000.

Putting aside the jurisdictional defects, the court also notes that Defendant has not timely removed this action.  He filed his notice of removal no earlier than October 19, 2005.  Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days after plaintiff receives the "initial pleading" in the state court action "through service or otherwise."  Where the initial state court pleading does not set forth a removable cause of action, a defendant must remove within 30 days of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  Defendant apparently concedes that he was aware of the disciplinary proceeding more than 30 days before October 19, 2005.  He contends, however, that he did not become aware of a September 12, 2005 order requiring him to submit to an independent medical examination ("IME") until the week in which he filed his notice of removal.  The court accepts this representation as true, but finds it insufficient to establish timely removal.  Defendant bears the burden of showing

---

[2]Under ELC R. 13.9, the Washington State Bar Association may recover its attorneys' fees and costs in a disciplinary proceeding, but the rule makes no provision for a respondent's fees.

ORDER – 3

that the proceeding against him was not removable until the entry of the IME order. He has not done so. To the extent the disciplinary proceeding is removable at all, the court has no basis to find that it was not removable until the IME order.

Finally, the court notes another defect – Defendant's wholesale failure to comply with the procedural requirements for removal. Fed. R. Civ. P. 1446(1) requires a defendant to submit "a copy of all process, pleadings, and orders" in the state court action. This court's Local Rules similarly require a removing defendant to submit copies of all pleadings in the state court action. Local Rules W.D. Wash. CR 101. Defendant has not provided a copy of any pleading in the state court action.

Because of the jurisdictional and procedural defects noted above, the court cannot exercise removal jurisdiction in this action. The court thus REMANDS this action to the Washington Supreme Court.

Dated this 10th day of November, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4